EMMA J. AMES *vs.* DELBERT STORER.

Penobscot. Opinion March 7, 1888.

*Partial payment after discharge in insolvency. R. S., c. 111, § 1, p. VI.*

The voluntary partial payment of a judgment, after the same has become barred by the debtor's discharge in insolvency, does not revive and make valid the balance of such judgment.

ON report.

The action was debt on a judgment, and the defense was a discharge in insolvency.

To avoid the discharge, the plaintiff relied on a partial payment of the judgment, after the discharge, and an oral promise, at the time of such partial payment, to pay the balance of the judgment.

*Ira W. Davis*, for the plaintiff, submitted without argument.

*H. P. Haynes*, for the defendant, cited: R. S., c. 111, § 1; 3 Maine, 415; 4 Maine, 9, 263; 53 Maine, 24; 66 Maine, 343; 73 Maine, 195.

PETERS, C. J. These facts present the question, whether the voluntary partial payment of a judgment, after the judgment has become barred by the debtor's discharge in insolvency, has the effect to revive the balance of the judgment so that the debtor is bound by it anew.

The statute (R. S., c. 111, § 1, p. 6,) forbids that any new promise shall have such an effect, unless it be in writing, and signed by the party to be charged thereby. Certainly, the payment of a part of a debt is not a written promise to pay the balance. It might be regarded as some evidence of a promise to pay the debt, but the element of certainty, as required to be shown by written evidence, is utterly wanting.

*Plaintiff nonsuit.*

WALTON, DANFORTH, LIBBEY, EMERY and HASKELL, JJ., concurred.